**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OLENA HORYAINOVA, | ) | |
| | ) | |
| Appellant/Debtor, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-514-TCK-JFJ |
| | ) | |
| KAREN CARDEN WALSH, TRUSTEE, | ) | Bankruptcy Case No. 18-11158-M |
| | ) | |
| | ) | |
| Appellee. | ) | |

**REPORT AND RECOMMENDATION**

Before the undersigned United States Magistrate Judge for a Report and Recommendation is an appeal of the Bankruptcy Court's Order denying the Motion to Vacate Order Sustaining Objection as to Support Alimony filed by Appellant/Debtor Olena Horyainova ("Appellant"). R. 2, 189-190.[1]   For the reasons stated below, the undersigned **RECOMMENDS** that the District Court **AFFIRM** the Bankruptcy Court's Order.

**I.    Background**

Appellant filed a Chapter 7 petition for bankruptcy in the Bankruptcy Court on June 7, 2018.  R. 7-61.  In the original Schedule A/B, which lists Appellant's property, Appellant did not list any divorce-related property claims.  R. 19-22.  On July 17, 2018, Appellant filed amended Schedules A/B and C, in which she listed assets including an exempt "alimony claim" for $10,000.00.  R. 82, 84.

On August 3, 2018, Trustee/Appellee Karen Carden Walsh ("Trustee") filed an Objection to Claim of Exemption and Notice of Opportunity for Hearing (the "Exemption Objection").  R. 123-125.  In the Exemption Objection, the Trustee objected to Appellant's claim of exemption in

---

[1] The appellate record is contained at ECF No. 3-1.

the alimony claim, asserting that it is not actually alimony. *Id.* The Exemption Objection included standard language, consistent with Local Bankruptcy Rule 9013-1, notifying Appellant and her counsel of the opportunity to obtain a hearing by filing a written response or objection to the requested relief with the Bankruptcy Court within 17 days from the date of filing the Exemption Objection. R. 124. The language also warns that, "[i]f no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice." *Id.* The Exemption Objection included a Certificate of Service notifying the Bankruptcy Court that Appellant and her counsel were mailed a copy on August 3, 2018, and that counsel was sent an electronic copy via CM/ECF. R. 125. Responses to the Exemption Objection were due on August 20, 2018.

Appellant did not file any response to the Exemption Objection. *See* R. 1-6. On September 5, 2018, the Trustee filed a Request for Order Sustaining Objection to Claim of Exemption (the "Request for Order"). R. 136-137. On September 6, 2018, the Bankruptcy Court entered the Order Sustaining Objection to Claim of Exemption (the "Exemption Order"). R. 139-140. On September 7, 2018, Appellant filed a Motion to Vacate Order Sustaining Objection as to Support Alimony Exemption and Request for Hearing (the "Motion to Vacate"). R. 143-144. In the Motion to Vacate, Appellant requested an opportunity to file a response to the Exemption Objection, alleging that the alimony claim was, in fact, exempted support alimony. *Id.* On September 10, 2018, the Trustee filed an objection to the Motion to Vacate, arguing that Appellant failed to specifically plead grounds for relief or judgment under Federal Rule of Civil Procedure 60. R. 149-152. Appellant filed a reply to the objection to the Motion to Vacate, arguing that the Exemption Order should be vacated because (1) Appellant's counsel mistakenly believed the matter would be set for a hearing; (2) Appellant's counsel called the Trustee to discuss the Exemption Objection, but the

2

Trustee failed to return his call; and (3) Appellant's claim for support alimony is not a property settlement. R. 153-155.

The Bankruptcy Judge held a hearing regarding the Motion to Vacate on September 18, 2018. R. 182-191. At the hearing, Appellant's counsel explained that he missed the objection deadline because (1) he thought the matter would be set for a hearing, and (2) he had a busy work load. R. 185-186, 188. At the end of the hearing, the Bankruptcy Court denied the Motion to Vacate, because no cause existed to warrant vacating the validly-entered Exemption Order. R. 189-190. The Bankruptcy Court found there was "no doubt" that appropriate notice was given regarding the need to respond to the Exemption Objection, and that the notice language complied with the Local Rules and was served on Appellant's counsel electronically. *Id.* The Bankruptcy Court further found that Appellant's counsel's "press of business" did not constitute excusable neglect under Rule 60(b)(1), pursuant to controlling authority from the Bankruptcy Appellate Panel of the Tenth Circuit. R. 190 (citing *In re Lang*, 305 B.R. 905, 910-911 (10th Cir. BAP 2004), *aff'd*, 414 F.3d 1191 (10th Cir. 2005)).

## II.     Standard of Review

The undersigned reviews the Bankruptcy Court's order denying relief under Rule 60(b) for abuse of discretion. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990). Abuse of discretion is defined in the Tenth Circuit as a judicial action that is "arbitrary, capricious, or whimsical." *Id.* at 1146. Evidence of such abuse "would include manifestly unreasonable judgment, prejudice, bias or ill will which is ascertainable from the record." *Id.* Where the Bankruptcy Court denied a motion to set aside a default judgment, the district court "look[s] to the

3

record in its entirety to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for relief to be granted." *Id.*[2]

### III.  Issue and Analysis

Appellant raises one issue on appeal: whether the Bankruptcy Court committed error by denying the Motion to Vacate under Federal Rule of Civil Procedure 60(b). ECF No. 6. Rule 60(b), which is made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, provides six grounds for relief from a final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other ground that justifies relief. Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackermann v. United States,* 340 U.S. 193, 199 (1950)) (further citation omitted).

In her brief, Appellant argues she should be relieved from the Order denying the Motion to Vacate, based on three of the available grounds: (1) mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); (2) fraud, misrepresentation, or misconduct by an opposing party (Rule 60(b)(3)); or (3) any other reason that justifies relief (Rule 60(b)(6)). The undersigned has considered all of Appellant's arguments, including those not raised in the Bankruptcy Court. *See Pelican*, 893 F.2d at 1146 (reviewing court "need not rigidly compartmentalize [its] analysis [of

---

[2] In the case of default judgments, the Tenth Circuit has additionally required Rule 60(b) movants to demonstrate that they have a potentially meritorious claim or defense. *See White v. Casey*, 30 F.3d 142 (Table), 1994 WL 395902, at *2 (10th Cir. July 28, 1994) (collecting cases). However, such review need not be done if the movant has not established an otherwise valid basis for relief, such as excusable neglect, under Rule 60(b). *See id.* Because the undersigned finds no basis for relief under Rule 60(b), the undersigned does not discuss the potential merits of the Exemption Objection.

4

Rule 60(b)] upon review," and instead should "look to the record in its entirety to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for relief to be granted"); *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 841 (10th Cir. 1974) (where 60(b) motion was timely filed, reviewing court should "not consider it necessary to attempt to pinpoint which, if any in particular, of the 60(b) clauses formed the basis for the decision of the court below").

### A. Rule 60(b)(1) – Mistake or Excusable Neglect

Appellant contends that this ground for relief should apply, because (1) the Trustee made a "mistake" in filing the Exemption Objection without fully investigating Appellant's financial affairs, and (2) Appellant's counsel made a mistake in believing the Exemption Objection would be set for a hearing pursuant to Local Bankruptcy Rule 9013-1(D).

As to the first contention that the Trustee made a mistake in filing the Exemption Objection in the first place, Appellant's argument goes to the merits of her defense rather than explaining why Appellant or her counsel failed to respond to the Exemption Objection within the allotted time. In general, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: "(1) [the moving] party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted). Because the Trustee's alleged "mistake" is not one contemplated under Rule 60(b)(1), the undersigned rejects this argument.[3]

---

[3] The Trustee maintains she committed no mistake in filing the Exemption Objection, because she had appropriate grounds for characterizing the alimony claim as a non-exempt divorce settlement. *See* ECF No. 7 at 6.

5

Appellant's second argument – that her counsel mistakenly believed no response to the Exemption Objection was required – may appropriately be analyzed within the category of "excusable neglect." Appellant explains that, because the Exemption Objection "was not a motion," counsel "mistakenly believed" that it was not a request for relief requiring a response pursuant to Local Bankruptcy Rule 9013-1(B). ECF No. 6 at 6. However, the Exemption Objection included specific, clear language, titled "NOTICE OF OPPORTUNITY FOR HEARING," which stated that a response or objection was required within 17 days, and if no response or objection was timely filed, the court could grant the requested relief without a hearing or further notice. R. 124.[4] Given this clear language, Appellant's counsel had no logical reason to believe that the matter would be set for a hearing as a matter of course. Appellant's argument does not demonstrate the Bankruptcy Court abused its discretion in denying the Motion to Vacate based on excusable neglect. *See Pelican*, 893 F.2d at 1146 ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).") (citation omitted); *Gripe v. City of Enid, Okla.,* 312 F.3d 1184, 1189 (10th Cir. 2002) (noting that there is "nothing novel" about "penalizing [a client] for his attorney's conduct," because "[t]hose who act through agents are customarily bound by their agents' mistakes").

In further support of her argument that counsel's "slight error" should not deprive Appellant from being heard on the merits of her claims, Appellant relies on two out-of-circuit decisions: *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) and *Heyman v. M.L. Marketing Company*, 116 F.3d 91, 94 (4th Cir. 1997). In *Blois*, the Fifth Circuit found the district court abused its discretion by denying plaintiff's Rule 60(b) motion to set aside default judgment, where

---

[4] This language is a standard statement mandated by Local Bankruptcy Rule 9013-1(B), pertaining to requests for relief for which the Bankruptcy Code does not require a hearing but permits an opportunity for a hearing. *See* Bankr. N.D. Okla. LR 9013-1(B).

6

the default had been entered after the plaintiff's attorney missed the deadline to respond to defendants' motion for summary judgment. The attorney explained he had not received notice of the motion for summary judgment, because he had neglected to file a notice of change of address with the district court. 612 F.2d at 940. The Fifth Circuit found the attorney's neglect in failing to file a change of address was a "minor mistake" for which the plaintiff should not be punished by losing his cause of action, given the absence of clear proof of serious misconduct and prejudice. *Id. Blois* is not controlling in this circuit, has not been cited by any court within the Tenth Circuit, and appears contrary to the prevailing authority in the Tenth Circuit. *See Pelican*, 893 F.2d at 1146. Therefore, the undersigned does not find *Blois* compelling.

In *Heyman*, the Fourth Circuit explained generally that, "when the party is blameless" but his attorney is at fault, "his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." 116 F.3d at 94 (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)). Again, this opinion has not been cited within the Tenth Circuit in the Rule 60(b) context, and it appears contrary to prevailing Tenth Circuit authority. Moreover, as the Tenth Circuit has explained, the reviewing court's task when evaluating "judgment calls" made by the Bankruptcy Court is only to see if "definite, clear, or unmistakable error occurred below," and "[t]here are very few right and wrong answers in this arena." *Pelican*, 893 F.2d at 1147.

Appellant further suggests that the Trustee should have notified Appellant in advance before filing the Request for Order as a matter of professional courtesy. *See* ECF No. 6 at 7. Appellant cites *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987), for the proposition that plaintiff's counsel should extend "the usual professional courtesy extended to fellow professionals before the bar of informing the defendant before the entry of default judgment and

7

garnishment." In *Passarella*, however, the defendant mistakenly believed its insurance carrier was handling the case at the time of default judgment, and the plaintiff's counsel had "carefully avoided" giving any notice that would have informed the defendant of its default, proceeding instead with an immediate garnishment action. *Id.* Here, Appellant's counsel received clear, unambiguous notice of the need to object to the Exemption Objection but nonetheless believed, despite this notice, that no response was necessary. To the extent Appellant contends the Trustee's conduct excuses Appellant's counsel's own neglect or mistake, such argument is not persuasive. Given the circumstances of Appellant's counsel's neglect, and the weight of authority in this circuit, the undersigned finds no abuse of discretion in denying the Motion to Vacate pursuant to Rule 60(b)(1).

  **B. Rule 60(b)(3) – Misconduct by an Opposing Party**

Appellant contends that this ground for relief should apply, because the Trustee committed misconduct when she "refused to speak with counsel for Appellant, yet discussed the support alimony exemption with Todd Alexander, [Appellant's] spouse's attorney in the pending divorce proceeding." ECF No. 6 at 8-9. Appellant's counsel represents, and the Trustee does not dispute, that he called the Trustee and left at least one voicemail message regarding the Exemption Objection shortly after it was filed, but the Trustee did not immediately return the call. *See* ECF No. 6 at 3; ECF No. 7 at 11. Appellant argues that, if the Trustee had returned Appellant's call, Appellant would have had the opportunity to explain the nature of the alimony claim. Appellant contends that the Trustee's failure to speak with Appellant's counsel regarding the Exemption Objection prevented Appellant from fully and fairly presenting her case on the merits. Appellant cites no authority in support of her contention that a party's failure to return a phone call, or a

8

bankruptcy trustee's contacting an opposing divorce attorney as part of her investigation into the debtor's financial affairs, would constitute misconduct under Rule 60(b)(3).[5]

The undersigned identifies no abuse of discretion by the Bankruptcy Court in denying the Motion to Vacate based on alleged misconduct by the Trustee. "[B]efore retrial is mandated under Rule 60(b)(3) in consequence of discovery misconduct, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quotations omitted). Appellant completely fails to demonstrate she was deprived of the opportunity to have her position heard regarding the Exemption Objection, simply because the Trustee failed to return Appellant's counsel's phone call and communicated with another attorney regarding Appellant's financial affairs. Because Appellant had an opportunity to adequately respond to the Exemption Objection by filing an objection with the Bankruptcy Court, Rule 60(b)(3) relief is not warranted. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (evidence that opposing counsel "played hardball litigation" did not demonstrate that district court "made a clear and definite error in concluding that [opposing party's] behavior did not rise to the level of Rule 60(b)(3) misconduct"). Plaintiff's out-of-circuit authority does not demonstrate otherwise. *See Philips v. Stear*, 783 S.E. 2d 567, 582 (W. Va. 2016) (finding equivalent Rule 60(b)(3) relief warranted where defendant lied in discovery responses and at trial and such misrepresentations, whether willful or unintentional, "substantially and unfairly prejudiced"

---

[5] In the reply brief, Appellant additionally contends that the Exemption Objection "was defective and in violation of [Appellant's] constitutional rights to due process under the U.S. Constitution," because it failed to set forth the reason for the objection. ECF No. 8 at 8. Appellant does not develop this argument in any meaningful way and it is therefore waived. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner . . . are waived.") (citation omitted).

9

plaintiff's case); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (granting Rule 60(b)(3) relief where evidence presented at trial had been altered, noting that "Rule 60(b)(3) protects the fairness of the proceedings, not necessarily the correctness of the verdict.") (citation omitted).

### C. Rule 60(b)(6) – Any Other Reason Justifying Relief

Finally, Appellant contends that this ground for relief should apply, because she has a meritorious but unheard defense in this case, and it would be unjust to have this matter decided on default judgment. Rule 60(b)(6) "has been described as a grand reservoir of equitable power to do justice in a particular case." *Cashner*, 98 F.3d at 579 (quotations omitted). However, "relief under this rule may not be premised on one of the specific grounds enumerated in Rule 60(b)(1)-(5)." *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir. 1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). A district court "may grant a Rule 60(b)(6) motion only in 'extraordinary circumstances' and only when such action is necessary to accomplish justice." *Id.* (citing *Liljeberg*, 486 U.S. at 863 n.11). "Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief." *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 669-70 (D.N.M. 2012) (citing *Ackermann,* 340 U.S. at 202).

The undersigned concludes that the circumstances Appellant presents are not so extraordinary as to warrant relief under Rule 60(b)(6). Here, Appellant's situation did not arise from circumstances completely beyond her control. As previously discussed, Appellant's counsel received notice of the Exemption Objection but failed to respond in a timely manner, due to his erroneous belief that no response was necessary. If Appellant's counsel had fully read the Exemption Objection, he would have observed clear, unequivocal language in the document stating that a response was required to avoid a default judgment. Appellant's potentially

10

meritorious defense to the Exemption Objection, without more, does not itself warrant Rule 60(b)(6) relief. *See Greenwood Explorations, Ltd. v. Merit Gas & Oil Co.*, 837 F.2d 423, 427 (10th Cir. 1988) (finding that, even if Rule 60(b) movant has a meritorious defense, he "must still show that his conduct was excusable").

Further, counsel's statements at the hearing on Appellant's Motion to Vacate indicate the circumstances of default were within Appellant's counsel's control for purposes of Rule 60(b)(6). At the hearing, counsel attempted to excuse his neglect by stating that he "had a pretty busy docket the last month." R. 188. The Bankruptcy Court ruled that counsel's press of business did not qualify as excusable neglect under Rule 60(b)(1). Accordingly, the Bankruptcy Court committed no abuse of discretion by denying the Motion to Vacate based on Rule 60(b)(6).

Appellant cites several out-of-circuit cases for the general proposition that courts favor a trial on the merits rather than a default judgment. *See Schwab v. Bullock's, Inc.*, 508 F.2d 353 (9th Cir. 1974) (setting aside default judgment where complaint had not been served on corporate defendant and corporate officers denied knowledge of pendency of case or entry of default, finding that doubts regarding officers' knowledge should be resolved in defendant's favor); *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1983) (vacating default judgment where defendant was served while out of state, and defendant did not have sufficient time to meet with a lawyer before default was entered); *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863 (9th Cir. 1959) (vacating default adjudication where party's attorney had misled client into waiving defense, and trial judge clearly misunderstood consequences of denying motion to vacate adjudication). However, none of those cases indicate that Rule 60(b)(6) relief would be appropriate under these circumstances, where Appellant and her counsel received notice of the Exemption Objection and no party was misled regarding the need to respond or face default.

11

## RECOMMENDATION

The Bankruptcy Court did not abuse its discretion in denying Appellant's Motion to Vacate. The points of error raised by Appellant are without merit. For these reasons, the undersigned **RECOMMENDS** that the Court **AFFIRM** the Bankruptcy Court's order denying Appellant's Motion to Vacate.

## OBJECTION

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by November 27, 2019.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 13th day of November, 2019.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**